JS 6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CELEDONIA X. YUE, M.D. and MAXWELL W. LITT, on behalf of the class of all others similarly situated, and on behalf of the General Public,<br><br>Plaintiffs,<br><br>vs.<br><br>CONSECO LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. CV 11-09506 DSF (SHx)<br><br>**FINAL JUDGMENT OF CLASS ACTION** |

_____
FINAL JUDGMENT OF CLASS ACTION

WHEREAS, Plaintiffs ("Plaintiffs") and Defendant Conseco Life Insurance Company ("Conseco") entered into an Amended Stipulation of Settlement with exhibits (collectively, the "Stipulation"), dated as of December 21, 2012, to settle this class action (the "Action") and capitalized terms in this Final Judgment have the same meaning as the same defined terms in the Stipulation;

WHEREAS, the Court (Hon. A. Howard Matz) entered an Order dated March 6, 2013 entitled "Findings and Order Preliminarily Approving the Proposed Settlement of Class Action, Directing the Issuance of Notice of Settlement to the Class, and Scheduling a Fairness Hearing" ("Preliminary Approval Order") ordering individual notice to Class Members, scheduling a fairness hearing for June 10, 2013 (the "Fairness Hearing"), providing Members of the Damages Class the opportunity to exclude themselves, and providing all Class Members with an opportunity to object to the proposed Settlement;

WHEREAS, on April 11, 2013, Plaintiffs filed their Motion for Final Approval of Class Action Settlement and supporting documents ("Motion to Approve Settlement");

WHEREAS, on April 11, 2013, Plaintiffs filed their Motion for an Award of Attorneys' Fees and Expenses and for an Incentive Award to the Class Representative Yue and supporting documents (the "Fee and Expense Motion");

WHEREAS, after the Parties filed supporting memoranda and other evidence and certain Class Members filed papers, the Court (Hon. Dale S. Fischer) held the Fairness Hearing on June 10, 2013, to determine whether to grant final approval to the proposed Settlement and the Fee and Expense Motion; and

WHEREAS, on June 10, 2013, the Court granted the Motion to Approve Settlement as fair, reasonable, and adequate, and subsequently, on July 1, 2013, granted the Fee and Expense Motion, and entered an order confirming such rulings ("Order Approving Settlement"); now, therefore;

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. **Incorporation of Other Documents**.  This Final Judgment incorporates and makes a part hereof:

    a)    the Stipulation filed with this Court on March 4, 2013 and the exhibits referenced therein; and

    b)    the findings of fact and conclusions of law entered on the record at the Fairness Hearing; and

    c)    the findings of fact and conclusions of law set forth in the Order Approving Settlement.

2. **Jurisdiction**.  The Court has personal jurisdiction over all Class Members (as defined in Paragraph 3 below) and has subject matter jurisdiction over this action, including, without limitation, jurisdiction to dismiss this action on the merits and with prejudice.

3. **Class**.  As reflected in the Order Approving Settlement, the Classes certified as part of this Settlement are:  (i) under Fed.R.Civ.P. 23(b)(1) and (2) an "Injunctive Relief Class" consisting of owners of all Policies that are In Force on the Election Date and owners of all Surrendered Policies and Lapsed Policies for which the Reinstatement Benefit is timely elected and properly exercised in accordance with Section IV(B)(1) of the Stipulation; and (ii) under Fed.R.Civ.P. 23(b)(3), a "Damages Class" consisting of owners of all Surrendered Policies and Lapsed Policies for which the Reinstatement Benefit is not timely elected and properly exercised in accordance with Section IV(B)(1) of the Stipulation, but excludes:  (1) Policyholders who timely excluded themselves from the Damages Class as set forth on Exhibit A hereto, and (2) owners of Lapsed Policies and Surrendered Policies as to which the insured died before June 5, 2013, the Election Date.

4. **Adequacy of Representation**.  As reflected in the Order Approving Settlement, the Law Offices of Timothy P. Dillon and the law firm of Bonnett, Fairbourn, Friedman & Balint, P.C. (collectively, "Class Counsel") and Class

Representatives Celedonia X. Yue and Maxwell W. Litt (collectively, "Class Representatives") have fully and adequately represented the Class in the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Fed.R.Civ.P. 23.

5. <u>Final Settlement Approval</u>.  As reflected in the Order Approving Settlement, the Court has found that the distribution of the Class Notices constituted the best practicable notice to Class Members under the circumstances; that the Class Notices were reasonably calculated, under the circumstances, to apprise Class Members of the terms of the Stipulation, of the opportunity for members of the Damages Class to exclude themselves from the Settlement, of the procedure for doing so, of Class Members' rights to object to any aspect of the proposed Settlement and of their right to appear at the Fairness Hearing; and that the Class Notices were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and otherwise fully satisfied the requirements of the Federal Rules of Civil Procedure (including Fed.R.Civ.P. 23(c)(2) and (e)), the United States Constitution (including the Due Process Clause) and the California Constitution, the Local Rules of the United States District Court for the Central District of California, and any other applicable law.  The Court also found that the terms and the provisions of the Stipulation, including all exhibits, have been entered into in good faith and fully and finally approved them as fair, reasonable and adequate as to, and in the best interests of each of, the parties to this Action and the Class Members and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause) and any other applicable law.  Additionally, the Court found that the Settlement is not the product of fraud, overreaching, or collusion between the parties.

6. <u>Attorneys' Fees and Expenses and Incentive Award</u>

(a) As directed by the Order Approving Settlement, within 15 days from entry of

1  this Final Judgment, Conseco shall deposit the amount of $ 8,000,000 into an
2  interest bearing escrow account at The Bank of New York Mellon, an independent
3  third party escrow agent, to be held by The Bank of New York Mellon for the
4  benefit of Class Counsel.  Within 15 days after the Settlement becomes Final, The
5  Bank of New York Mellon will pay to Class Counsel the total escrow proceeds or
6  such lower amount that is approved as a result of any special and/or further
7  proceedings on remand, together with the interest accrued on such lower amount.
8  Any escrow proceeds in addition to the amount required to be paid to Class
9  Counsel will be paid to Conseco on the same date that payment is made to Class
10 Counsel.  If the Settlement does not become Final, the total escrow proceeds will
11 be paid to Conseco within 15 days after the date the Settlement is terminated or a
12 final determination is made that the Settlement will not become Final.  This
13 payment of attorneys' fees and reimbursement of expenses to Class Counsel in this
14 Action will include and incorporate their award of attorneys' fees in *Yue v.*
15 *Conseco Life Ins. Co.*, Case No. CV 08-1506 (AHM) ("*Yue I*"), including interest
16 on it, that was determined in this Court's Order dated September 9, 2011 in *Yue I*
17 (the "Fee Award in *Yue I*").  Conseco's payment of the attorneys' fees and
18 expenses in this Action under this Final Judgment fully satisfies the Fee Award in
19 *Yue I*, including interest on it, and all claims for attorneys' fees, expenses and
20 interest thereon that Plaintiff Yue brought or could have brought in *Yue I*.
21 (b)  Within 15 days after the Settlement becomes Final, Conseco will pay to
22 Plaintiff Yue an incentive award in the amount of $10,000.
23         7.     Release.  The following Release, which is also set forth in Section X
24 of the Stipulation, and the definition of "Released Conduct," which is also set forth
25 in Section II(42) of the Stipulation, are expressly incorporated herein in all
26 respects:
27             (a)   As an essential term of this Settlement, Class Members on
28         behalf of themselves and their respective heirs, executors, estates,

administrators, successors, assigns, guardians, trustees, and representatives (the "Releasors") will release Conseco and its past, present and future parent corporations (including intermediate and ultimate parents), subsidiaries, affiliates, predecessors, successors and assigns, and each of their respective past, present and future agents, officers, directors, employees, representatives, attorneys, heirs, administrators, executors, insurers, predecessors, successors and assigns, including any person or entity acting on behalf or at the direction of any of them (the "Releasees"), from all claims for relief, causes of action, suits, petitions, or demands, in law or equity, or any allegations of liability, debts, contracts, agreements, guarantees, obligations, promises, projections, attorneys' fees (including all claims for attorneys' fees relating to *Yue I*), costs, interest, or expenses (other than those Conseco has agreed to pay under this Stipulation) that are based upon, related to, or connected with, directly or indirectly, in whole or in part (a) the Released Conduct, and (b) the claims, causes of action, allegations, transactions and subject matters that Plaintiffs raised or could have raised based on or relating to the Released Conduct in the Complaint or *Yue I*.

(b) This Release will cover claims that have been or could have been asserted based on or relating to the Released Conduct in the Action or in *Yue I* or in any other action, court, arbitration, tribunal or administrative body (including any state insurance department), regardless of whether those causes of action are based on federal, state or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether those claims are foreseen or unforeseen, suspected or unsuspected, known or unknown, or fixed or contingent at the time of this Settlement.

(c) Releasors will also agree and acknowledge that they will not commence, maintain or assert against the Releasees, either directly or indirectly, derivatively, on their own behalf, or on behalf of any class, the

general public or any other person or entity, any claims or causes of action that are based upon, related to, or connected with, directly or indirectly, in whole or in part, (a) the Released Conduct, or (b) the claims, causes of action, allegations, transactions and subject matters that Plaintiffs raised or could have raised based on or relating to the Released Conduct in the Complaint or *Yue I*.

(d)     In connection with this Release, Releasors will acknowledge that they are releasing both known and unknown and suspected and unsuspected claims and causes of action, and are aware that they could hereafter discover claims or causes of action presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the claims, causes of action, transactions, allegations and subject matters in this Action or with respect to the Released Conduct. Nevertheless, it will be the intention of Releasors in entering into this Release to fully, finally and forever settle and release all such claims or causes of action that exist or might have existed (whether or not previously or currently asserted in the Action or *Yue I*).

(e)     Releasors will expressly acknowledge the existence of principles of law, such as Section 1542 of the Civil Code of the State of California, which provides that "[a] general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." Releasors will agree, however, that the provisions of Section 1542 and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable will be knowingly and voluntarily waived and relinquished by them regardless of the law applied to this Stipulation. Releasors will agree and acknowledge that this is an essential term of this Release.

(f)     Nothing in this Release will be deemed to alter, affect or release

in any way: (1) a Class Member's contractual rights to make a claim for any benefits that are provided for under the terms of any Policy or any rights that a Class Member may have under the terms of this Stipulation; or (2) any future changes in the Settlement COI Rate Scales that do not comply with the terms of this Stipulation; *provided, however,* that this provision will not entitle a Class Member to assert claims or causes of action in the future related to or connected with the Released Conduct or the allegations, transactions and subject matters that Plaintiffs raised in the Complaint or in *Yue I*.

   (g) Conseco together with its representatives, agents, attorneys, consultants, predecessors, successors, parents, employees, affiliates and assigns in turn hereby release any and all claims for relief, causes of action, suits, petitions, or demands, in law or equity, or any allegations of liability, debts, contracts, agreements, guarantees, obligations, promises, projections, attorneys' fees (including all claims for attorneys' fees relating to *Yue I*), costs, interest, or expenses (other than those Conseco has agreed to pay under this Stipulation) against Plaintiffs and Plaintiffs' Counsel and their employees, agents, consultants, partners, law firms, attorneys, predecessors and successors that are based upon, related to, or connected with, directly or indirectly, in whole or in part (a) the Released Conduct and (b) the claims, causes of action, allegations, transactions and subject matters that Plaintiffs raised or could have raised based on or relating to the Released Conduct in the Complaint or *Yue I* and Conseco waives the protections of California Civil Code Section 1542 and any similar laws.

   (h) "Released Conduct" means any and all acts, representations, omissions, suggestions, or communications that are related to or connected with (A) the design, development, implementation or administration of the November 2011 COI Rate Scales and all prior COI rate scale changes that Conseco adopted or made effective for the Policies, including the COI rate

scale changes that Conseco adopted or that became effective in or around 1997, 2001 and 2002 (the "Released COI Rate Scale Changes"), (B) the design, development, implementation or administration of the Partially Reinstated Per Unit Expense Charges, and (C) any acts, representations, omissions, suggestions or communications in connection with (1) the explanation, description or illustration of the Released COI Rate Scale Changes and/or the Partially Reinstated Per Unit Expense Charges; (2) the application or administration of the Released COI Rate Scale Changes and/or the Partially Reinstated Per Unit Expense Charges; (3) the propriety of the Released COI Rate Scale Changes and/or the Partially Reinstated Per Unit Expense Charges, including the adherence or non-adherence to any guidelines or professional standards; (4) the determination, re-determination, setting or adjustment of the Released COI Rate Scale Changes and/or the Partially Reinstated Per Unit Expense Charges; (5) the COI charges made or applied based on the Released COI Rate Scale Changes and/or the Partially Reinstated Per Unit Expense Charges; (6) the imposition of any surrender charges based on the Released COI Rate Scale Changes and/or the Partially Reinstated Per Unit Expense Charges; (7) the surrender (whether whole or partial), lapse, or termination of any Policy based on the Released COI Rate Scale Changes and/or the Partially Reinstated Per Unit Expense Charges; (8) the tax consequences of any Released COI Rate Scale Change, the Partially Reinstated Per Unit Expense Charges and/or the Settlement or Stipulation, including any payments or credits provided or relief awarded under the Settlement and any tax reporting obligations with respect to it; (9) any claim, allegation or risk that the Released COI Rate Scale Changes and the Settlement COI Rate Scales involve, establish, apply or continue any discrimination in COI rates or do not apply uniformly to all members of the same age, sex and/or premium class; and (10) the effect that any Released COI Rate Scale Changes and/or the

Partially Reinstated Per Unit Expense Charges had or may have on a Class Member's elections under his or her Policy and his or her benefits under this Stipulation.

8. <u>Permanent Injunction</u>.  All Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in or continuing (as class representatives, class members or otherwise), or receiving any benefits from any lawsuit, arbitration, claim or administrative, regulatory or any other proceeding or order in any jurisdiction that is based on or relates to the Released Conduct or the claims or allegations that were raised in the Complaint, this Action or *Yue I*.  In addition, all persons are hereby permanently barred and enjoined from filing, commencing, prosecuting or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, continuing a previously initiated action, or by seeking class certification in a pending action in any jurisdiction) that is based on or relates to the Released Conduct or the claims or allegations that were raised in the Complaint, this Action or *Yue I*.  The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate this Final Judgment.

9. <u>Vacatur of Orders and Judgment</u>.  The Court hereby vacates (i) the Order dated January 19, 2011 granting summary judgment against Conseco in *Yue I*, (ii) the final judgment entered in *Yue I*, and (iii) the Order dated April 2, 2012 entered in this Action.  Upon either Party's presentment of this Final Judgment to the Clerk of the Court, the Clerk is instructed to vacate the Order dated January 19, 2011, and the Final Judgment in *Yue I* (*Yue v. Conseco Life Ins. Co.*, Case No. CV 08-1506 (AHM)), and the Order dated April 2, 2012 in this Action.

10. <u>Enforcement of Settlement</u>.  Nothing in this Final Judgment shall preclude any action to enforce the terms of the Stipulation.

11. <u>Modification of Stipulation</u>. As set forth in Section XIV(A) of the Stipulation, the Parties may, by written agreement, amend, modify, or expand the terms and provisions of the Stipulation and its implementing documents without notice to the Class or approval from the Court, provided that such changes are consistent with this Final Judgment.

12. <u>Retention of Jurisdiction</u>. Except as set forth in Section IV(A)(3)(d) of the Stipulation, this Court expressly retains exclusive jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Stipulation and of this Final Judgment, and for any other necessary purpose, including, without limitation:

    (a) enforcing the terms and conditions of the Stipulation and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Stipulation, or this Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member; whether claims or causes of action allegedly related to this case are or are not barred by this Final Judgment, etc.);

    (b) entering such additional Orders as may be necessary or appropriate to protect or effectuate this Final Judgment approving the Stipulation, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this Settlement; and

    (c) entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

13. <u>Dismissal of Action</u>.  The Action, including all individual and Class claims resolved in it, is hereby dismissed on the merits and with prejudice.

Dated:  7/1/13

*/s/ Dale S. Fischer*
_____
Honorable Dale S. Fischer
United States District Judge

11
FINAL JUDGMENT OF CLASS ACTION

EXHIBIT A

Yue v Conseco
Exclusions
June 11, 2013

| | Name1 | Name2 |
|---|---|---|
| 1 | AIDA L MIRANDA LUQUIS | |
| 2 | ALBERTO J MARTIN | |
| 3 | ALBERTO S RIOS | |
| 4 | BARBARA A ESTES | |
| 5 | BARBARA A GENTRY | |
| 6 | BARBARA T YAMADA | |
| 7 | BART DYSHUK | |
| 8 | BETTY E STROUP | |
| 9 | BILLY L BELL | |
| 10 | BOBBY G THERREL | |
| 11 | BOBBY L SULLIVAN | |
| 12 | BOBBY R OGLETREE | |
| 13 | BOUN H KEOPHOMMASANE | |
| 14 | BRENDA J KASKAN | |
| 15 | CARL A EKLUND | |
| 16 | CARMEN GARCIA | |
| 17 | CAROL L GOFORTH | |
| 18 | CAROLE D KYLE | |
| 19 | CAROLYN TATE OLIVER | |
| 20 | CATHERINE CAMARDA | |
| 21 | CHARLES B ASHBY | |
| 22 | CHARLES E GROSS | |
| 23 | CHARLES HARPER | |
| 24 | CHARLES L JOHNSON | |
| 25 | CHARLES W BARTZ | |
| 26 | CHARLOTTE E TARANTINO | |
| 27 | CHUM Y KU | |
| 28 | CHUN JA KU | |
| 29 | CLIFFORD A SPIERS | |
| 30 | CLINTON P BRIGMAN JR | |
| 31 | CONRAD KOOTZ | |
| 32 | CORAZON T ORNIDO | |
| 33 | CORINA PRADA | |
| 34 | CORINNE E JONES | |
| 35 | CYNTHIA GRADWOHL | |
| 36 | DAN M STROUP | |
| 37 | DANIEL J DOWIAK | |
| 38 | DAVID R WOOD | |
| 39 | DEBORAH PETTRY | |
| 40 | DEBRA A JOHNSON | |
| 41 | DIANE LEGE | |
| 42 | DIANE LEGE | |
| 43 | DONALD E COOPER | |
| 44 | DONALD P LEDDY | |
| 45 | DONATO A MARCHIONE | |
| 46 | DONNA E SCRIVNER | |
| 47 | DONNA SEEBER | |
| 48 | DONNIE CRUTCHFIELD | |
| 49 | DONZELLA FOSTER | |
| 50 | DOROTHY M ZEHR | |
| 51 | ELIZABETH M SETTLE | |
| 52 | ELLIOTT S KE | |
| 53 | ELY S REYES | |
| 54 | EMILY MARCHAK | |

Yue v Conseco
Exclusions
June 11, 2013

| | Name1 | Name2 |
|---|---|---|
| 55 | EMMA J CREDIT | |
| 56 | EVA E SHIMAN | |
| 57 | EVELYN M MARTINEZ | |
| 58 | FAITH C WALKER | |
| 59 | FANCHEON M GALAMBOS | |
| 60 | FERNANDO R BENAVIDEZ | |
| 61 | *FLOYD FOWLER JR | |
| 62 | FOREST E WALTERS | |
| 63 | FRANCES BURRELL ON BEHALF OF MARVIN BURRELL | |
| 64 | FRANCIS R HORNE | |
| 65 | FRANCISCO T BABIA | |
| 66 | FRANK D DAVENPORT | |
| 67 | FRANK M OBRIEN | |
| 68 | G FRANK JONES | |
| 69 | GAIL WILKINS | |
| 70 | GARLAND R PERRY | |
| 71 | GARY R JONES | |
| 72 | GAYLE J RYDER | |
| 73 | GEORGE F UPP | |
| 74 | GEORGE R BIEBER | |
| 75 | GERARD A MILLER | |
| 76 | GLORIA M FIGONE | |
| 77 | GODFREY J WAGUESPACK JR | |
| 78 | GREGORY A RAMEY | |
| 79 | HAMID Z AHMADI | |
| 80 | HARIPADA SAHA | |
| 81 | HARRY HOYMAN | |
| 82 | HEE S HUH | |
| 83 | HELEN W SPENCER | |
| 84 | HENRY B BURKHARDT | |
| 85 | HENRY B BURKHARDT JR | |
| 86 | ILENE WOOD | |
| 87 | JACOB GRIMBERG | |
| 88 | JAMES E CHAFFEE | |
| 89 | JAMES R HEUMANN | |
| 90 | JAMES S GOYER JR | |
| 91 | JAMES WALKER SR | |
| 92 | JEFFERY J KRAMER | |
| 93 | JEFFREY S GLASER | |
| 94 | JESS R LOPEZ | |
| 95 | JOAN BOYER | |
| 96 | JOSE A OSUNA | |
| 97 | JOSEFINA M ANDRES | |
| 98 | JOSEPH L DIAMICIS | |
| 99 | JOYCE SCHECKNER | |
| 100 | JUDITH DEMI ON BEHALF OF CYNTHIA L BAUER | |
| 101 | JUDITH J EVELYN | |
| 102 | JUDY A PITTMAN | |
| 103 | JUDY CHADWELL | |
| 104 | KAREN R MOTYKA | |
| 105 | L JIM REIDHEAD | |
| 106 | LAVAUGHN RATTO | |
| 107 | LAWRENCE R WITT | |
| 108 | LEEHO PACK | |

Yue v Conseco
Exclusions
June 11, 2013

| | Name1 | Name2 |
|---|---|---|
| 109 | LEO P VERRETT | |
| 110 | LEO W KNOX | |
| 111 | LEONARDO C CABRAL | |
| 112 | LILLIAN BACON | |
| 113 | LINDA DELEO | |
| 114 | LUCIA B CABRAL | |
| 115 | LUIS A MARTINEZ | |
| 116 | LYNN B BERRY | |
| 117 | LYNN D HERBERT | |
| 118 | MALVEN R NELSON | |
| 119 | MARGARET REYNOLDS | |
| 120 | MARIA CUBAS | |
| 121 | MARIA S RIVERA | |
| 122 | MARK REYNOLDS | |
| 123 | MARVIN D HENNINGER | |
| 124 | MARY A HOPPER DOOLITTLE | |
| 125 | MARY A SULLIVAN | |
| 126 | MARY G JOHNSON | |
| 127 | MAX K BONDS | |
| 128 | MAY TANGSOMBATVISIT | |
| 129 | MELVIN O HAAG | |
| 130 | MICHAEL D TATUM | |
| 131 | MICHAEL G NELSON | |
| 132 | MIENRADO B TOLENTINO | |
| 133 | MIGUEL BECKER | |
| 134 | MITCHELL FAUGHT | |
| 135 | NELSON PRADA | |
| 136 | NINA E FAY | ROBERT FAY |
| 137 | NINA E FAY | ROBERT FAY |
| 138 | NOLI C JINON | |
| 139 | PALMER CHILDRENS TRUST | KANDRA HOUSTON, TRUSTEE |
| 140 | PAMELA COMPTON ON BEHALF OF JIMMY L COMPTON | |
| 141 | PAMELA L STRINGFELLOW | |
| 142 | PATRICIA E EHMSEN | |
| 143 | PAUL M FOWLER | |
| 144 | PAULA A HURST | |
| 145 | PEARLIE D COLEMAN | |
| 146 | REBECCA J BENTLEY | |
| 147 | ROBERT E GRAHAM | |
| 148 | ROBERT G MATTSON | |
| 149 | ROBERT J EMMINGER | |
| 150 | ROBERT L LAJOIE | |
| 151 | ROBERT Q NICHOLSON | |
| 152 | ROBERT SHOEMAKER | |
| 153 | RODELIA C MANANSALA | |
| 154 | RODOLFO C RIVERA | |
| 155 | RONALD B MOTYKA | |
| 156 | ROY A RENDON | |
| 157 | RUDOLPH R BOYER | |
| 158 | RUTH B SEIDELMAN | |
| 159 | RUTH C ROSEBROUGH | |
| 160 | SANDRA R MOFFETT | |
| 161 | SANTINA COZZI VIGNATI | |
| 162 | SARAH BRINK | |

Yue v Conseco
Exclusions
June 11, 2013

| Name1 | Name2 |
|---|---|
| 163 SEHBAZ SABRI | |
| 164 SHIRLEY D JACKSON | |
| 165 SIDNEY D GEROSA | |
| 166 SIDNEY W DAWSON | |
| 167 STEPHEN GALAMBOS JR | |
| 168 STEPHEN PROVENCIANO | |
| 169 STEVEN L KYLE | |
| 170 TERESA A MCLEOD | |
| 171 THELMA J GUARISCO | |
| 172 THOMAS D GODDARD | |
| 173 *THOMAS W KANACK | |
| 174 TOM ISBELL | |
| 175 TRACEY D PARTAIN | |
| 176 TRINIDAD T NAVARRES | |
| 177 TROY E TRAXLER | |
| 178 VANESSA M QUINTANILLA ATALIG | |
| 179 VERL YANDELL | |
| 180 VIRGINIA A HAAG | |
| 181 WALTER E ENGBLOM | |
| 182 WILFREDO TORRES | |
| 183 WILLIAM F DRURY | |
| 184 WILLIAM F DRURY | |
| 185 WILLIAM G MYLIUS | |
| 186 ZENAIDA F BAYANI | |

Rust Consulting received 14 untimely exclusion requests that were postmarked after the April 26, 2013 deadline.

1. ANGELA W SUN
2. ANTHONY F YAVORSKI
3. BERNADETTE MCCLEERY
4. CARL W WUNSCHE
5. CAROLYN G DYER
6. EMMANUEL ISMA
7. GERALD D FISHER
8. J T HOPKINS
9. JUDY K FISHER
10. MICHAEL T ADAMS
11. PAUL W EUBANKS
12. RUTH A SIBERT
13. RUTH A SIBERT
14. VERA M SCHOBER